

## District of Columbia Government
### Corporations Division

**Form SP-1.** Ver. 4, January 2020
### Service of Process Action Form

| | |
|---|---|
| **Entity Name:** | G6l Glass Distribution Corporation |
| **Entity Address:** | 101 Venture Way, Secaucus, NJ 07094 |
| **Date of Service:** | 2/15/2022 |
| **Type of Service:** | ☐ Demand   ☐ Trial   ☐ Legal Notice   ☐ Subpoena  <br> Other |
| **Subject:** | Summons |

Dear Customer,

Service was made upon the Superintendent of Corporations of Department of Consumer and Regulatory Affairs, for the District of Columbia on the following date 2/15/2022 and this copy is forwarded to you by certified mail in accordance with the Code of Laws for the District of Columbia.

If you have any questions, please contact the Court or Attorney for the Plaintiff.

*Josef G. Gasimov*
_____
JOSEF G. GASIMOV
Superintendent of Corporations,
Corporations Division

Reset Form

DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS
## District of Columbia Government
### Corporations Division

### Service of Process Action Form.
### Form GN-6, Version 3, November 2014.

This form can only be used to serve the defendant – domestic or foreign filing entity if plaintiff or his representative have exhausted all the means to serve domestic or foreign filing entity as prescribed under D.C. Code § 29-104.12

| ENTITY TYPE | FILING FEE |
|---|---|
| Domestic or Foreign Filing Entity | Refer to Corporate Fee Schedule posted online; |

**Under the provisions of the Title 29 of D.C. Code (Business Organizations Act), the plaintiff identified below is serving the defending domestic or foreign filing entity and for that purpose submits the statement below.**

1. Plaintiff's Name.
German Cruz Garcia

2. Plaintiff's Address.
117 Forest Ridge Drive, Sterling, VA 20164

3. Defending Domestic or Foreign Filing Entity's Name. (give corporate file# if known)
GGI Glass Distribution Corporation a/k/a General Glass International a/k/a GGI Glass Distributors Corporation

4. Defending Domestic or Foreign Filing Entity's Address.
101 Venture Way, Secaucus, NJ 07094

5. One of the following conditions apply. (must select one)

[✔] Represented entity failed to appoint or maintain a registered agent in the District; or

[ ] A represented entity's registered agent in the District cannot with reasonable diligence be found.

6. Type of service and court case# (ex., subpoena, legal complaint, demand, etc.).
summons, complaint packet, and 2022 CA 000015 B

**7. Duplicate copies of the process, notice, or demand are submitted along with this form;**

**If you sign this form you agree that anyone who makes a false statement can be punished by criminal penalties of a fine up to $1000, imprisonment up to 180 days, or both, under DCOC § 22-2405;**

| 8. Name of the Plaintiff or Authorized Person. | 8A. Signature of the Plaintiff or Authorized Person. |
|---|---|
| Jerry D. Spitz. Esq. | *Jerry Spitz Esq.* |

**Mail all forms and required payment to:**
Department of Consumer and Regulatory Affairs
Corporations Division
PO Box 92300
Washington, DC 20090
Phone: (202) 442-4400

**Corporate Online Services Information:**
Many corporate filings are available by using CorpOnline Service.
Go to CorpOnline site at **https://corp.dcra.dc.gov**, create the profile, access the online services main page and proceed. Online filers must pay by using the credit card.

Please check dcra.dc.gov to view organizations required to register, to search business names, to get step-by-step guidelines to register an organization, to search registered organizations, and to download forms and documents. Just click on "Corporate Registrations."

Reset Form

DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS
## District of Columbia Government
### Corporations Division

## Service of Process Action Form.
### Form GN-6, Version 3, November 2014.

This form can only be used to serve the defendant – domestic or foreign filing entity if plaintiff or his representative have exhausted all the means to serve domestic or foreign filing entity as prescribed under D.C. Code § 29-104.12

| ENTITY TYPE | FILING FEE |
|---|---|
| Domestic or Foreign Filing Entity | Refer to Corporate Fee Schedule posted online; |

**Under the provisions of the Title 29 of D.C. Code (Business Organizations Act), the plaintiff identified below is serving the defending domestic or foreign filing entity and for that purpose submits the statement below.**

1. Plaintiff's Name.
German Cruz Garcia

2. Plaintiff's Address.
117 Forest Ridge Drive, Sterling, VA 20164

3. Defending Domestic or Foreign Filing Entity's Name. (give corporate file# if known)
GGI Glass Distribution Corporation a/k/a General Glass International a/k/a GGI Glass Distributors Corporation

4. Defending Domestic or Foreign Filing Entity's Address.
101 Venture Way, Secaucus, NJ 07094

5. One of the following conditions apply. (must select one)

[✓]   Represented entity failed to appoint or maintain a registered agent in the District; or

[ ]   A represented entity's registered agent in the District cannot with reasonable diligence be found.

6. Type of service and court case# (ex., subpoena, legal complaint, demand, etc.).
summons, complaint packet, and 2022 CA 000015 B

7. Duplicate copies of the process, notice, or demand are submitted along with this form.

If you sign this form you agree that anyone who makes a false statement can be punished by criminal penalties of a fine up to $1000, imprisonment up to 180 days, or both, under DCOC § 22-2405.

| 8. Name of the Plaintiff or Authorized Person. | 8A. Signature of the Plaintiff or Authorized Person. |
|---|---|
| Jerry D. Spitz. Esq. | *Jerry Spitz Esq.* |

Mail all forms and required payment to:
Department of Consumer and Regulatory Affairs
Corporations Division
PO Box 92300
Washington, DC 20090
Phone: (202) 442-4400

**Corporate Online Services Information:**
Many corporate filings are available by using CorpOnline Service. Go to CorpOnline site at **https://corp.dcra.dc.gov**, create the profile, access the online services main page and proceed. Online filers must pay by using the credit card.

Please check dcra.dc.gov to view organizations required to register, to search business names, to get step-by-step guidelines to register an organization, to search registered organizations, and to download forms and documents. Just click on "Corporate Registrations."



**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

**Filed**
**D.C. Superior Court**
**01/10/2022 15:34PM**
**Clerk of the Court**

German Cruz Garcia
_____
                                    Plaintiff
                    vs.

Case Number   2022 CA 000015 B
                                    _____

GGI Glass Distribution Corp. aka General Glass International
aka GGI Glass Distributors Corp.
Serve: DCRA Corporations Division          Defendant
1100 4th Street, SW, 2nd Floor
Washington, DC 20024

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jerry Spitz, Esq.
_____
Name of Plaintiff's Attorney

1825 K Street, NW, #700
_____
Address
Washington, DC 20006

202-783-6400
_____
Telephone

*Clerk of the Court*

By _____
                    Deputy Clerk

Date   01/11/2022

如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주시기 바랍니다       የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

**Filed**
D.C. Superior Court
01/10/2022 15:34PM
Clerk of the Court

German Cruz Garcia
_____
Plaintiff

vs.

Case Number  2022 CA 000015 B

GGI Glass Distribution Corp. aka General Glass International
aka GGI Glass Distributors Corp.
Serve: DCRA Corporations Division
1100 4th Street, SW, 2nd Floor
Washington, DC 20024

Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jerry Spitz, Esq.
_____
Name of Plaintiff's Attorney

1825 K Street, NW, #700
_____
Address

Washington, DC 20006

202-783-6400
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  01/11/2022

如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오     ኣማካሪ ትርጉም ለማግኘት (202) 879-4828     ያስኑ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]     Super. Ct. Civ. R. 4

Filed
D.C. Superior Court
01/06/2022 09:15PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **GERMAN CRUZ GARCIA**<br>117 Forest Ridge Drive<br>Sterling, VA 20164 | * <br> * <br> * <br> * | |
| **Plaintiff,** | * <br> * <br> * | |
| **vs.** | * <br> * | Case No.    **2022 CA 000015 B** |
| **GGI GLASS DISTRIBUTION CORP.**<br>a/k/a **GENERAL GLASS INTERNATIONAL**<br>a/k/a **GGI GLASS DISTRIBUTORS CORP.**<br>101 Venture Way<br>Secaucus, N.J. 07094<br>Serve: DC Department of Consumer and<br>Regulatory Affairs<br>Corporations Division | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | |
| **and** | * <br> * | |
| **EUROPROJECTS INTERNATIONAL INC.**<br>d/b/a **ADOTTA AMERICA**<br>500 Nordhoff Pl Ste 5<br>Englewood, NJ, 07631<br>Serve: DC Department of Consumer and<br>Regulatory Affairs<br>Corporations Division | * <br> * <br> * <br> * <br> * <br> * <br> * | |
| **Defendants.** | * | |

## COMPLAINT FOR NEGLIGENCE
### (Construction Accident)

## JURISDICTION

1.     Jurisdiction is proper in this court based on the District of Columbia Code § 11-921
and § 13-423 et seq.

–1–

2.       Plaintiff German Cruz Garcia (hereafter "Garcia") is a resident of the Commonwealth of Virginia.

3.       The defendant, GGI Glass Distribution Corp., a/k/a General Glass International, a/k/a GGI Glass Distributors Corp. (hereafter "GGI"), is a New Jersey corporation, who does business in the District of Columbia and, at all relevant times hereto, was a sub-contractor on the subject work-site 2000 L Street, NW, Washington, D.C., where the plaintiff Garcia sustained his injuries.

4.       The defendant, Europrojects International Inc., d/b/a Adotta America (hereafter "Adotta"), is a New Jersey corporation, who does business in the District of Columbia and, at all relevant times hereto, was a sub-contractor on the subject work-site 2000 L Street, NW, Washington, D.C., where the plaintiff Garcia sustained his injuries.

5.       At all relevant times hereto, the plaintiff was a mover, employed by Move It All 24-7, LLC, who was working at the subject construction site 2000 L Street, NW, Washington, D.C.

## STATEMENT OF FACTS

6.       On or about January 15, 2019, the plaintiff was working at the aforementioned job site, performing his duties, when he was struck by glass panels that were manufactured, delivered, and unloaded by the Defendants.

7.       At the time of the subject incident, Defendants were subcontractors on the subject work site, who were contracted to manufacture, deliver and install glass on the subject worksite.

8.       At the time of the subject incident, the subject glass panels where being unloaded from Defendant GGI's truck by employees of the Defendants.

9.     At that time the glass panels were not properly secured and the truck was parked on a driveway that was not level.

10.    Through direct negligent actions of employees of the Defendants', in manufacturing, delivering and unloading the glass panels, the glass panels fell from their position on the truck and struck the plaintiff causing serious and permanent injuries and related damages.

11.    As a direct result of this incident, the plaintiff sustained serious injury to his leg, neck, arms, hands, among other injuries and conditions.

12.    The subject incident was as a result of violations of OSHA and local statutes and regulations by the defendants, as well as the D.C. Industrial Safety Act, including, but not limited to, failure to supply plaintiff with a safe place to work.

13.    As a direct and proximate result of the above occurrence, the plaintiff has suffered and will continue to suffer physical pain and mental anguish and non-economic damages, has incurred and will continue to incur substantial expenses for medical care and attention, has suffered and will continue to suffer a loss of earnings, a loss of earning capacity, and permanent disability, and sustained serious and permanent injuries.

## COUNT I
### (Defendant GGI: Negligence)

The plaintiff incorporates herein by reference all the facts and allegations set forth in paragraphs 1 through 13 above and further alleges:

14.    Defendant GGI, by and through its agents, servants and/or employees, have a duty to: provide a safe working environment, to deliver and move glass panels with reasonable care, to insure glass panels are properly secured, to properly observe Plaintiff and other activity on the

--3--

construction site, to operate equipment with reasonable care, to pay full time and attention, and to avoid striking persons with glass objects.

15.     Defendant GGI, by and through its agents, servants and/or employees, breached their duty of care by failing to: provide a safe work environment; deliver and move glass with reasonable care; insure that the glass panels were properly secured; operate equipment with reasonable care; properly observe Plaintiff and other activity on the construction site; pay full time and attention, and avoid striking persons with glass objects, and by allowing the glass panels to strike and to injure Plaintiff.

16.     At all relevant times, the persons delivering and unloading the glass panels were employees of the Defendants, and at the time of the subject incident, was acting within the scope of his employment.

17.     The defendant GGI, as the sub-contractor with control of the job site, had a non-delegable duty to the plaintiff to: exercise reasonable and ordinary care to ensure that the premises were inspected and maintained so as to be free from hazards of which it knew or with reasonable diligence should have known existed; insure that equipment was properly positioned; insure that the glass panels were properly secured and not in a dangerous condition; insure that the glass panels were being unloaded in a safe manner; insure that the glass panels were safely moved so as not to injure persons nearby; perform safety inspections; maintain a safety program; supply all employees working on the subject construction site with proper training and supervision; and to provide a safe place to work as provided by OSHA and local statutes and regulations, including, but not limited to the D.C. Industrial Safety Act.

18.     The defendant GGI breached this duty by allowing the said plaintiff to be exposed to the hazardous conditions above-described.

19.     As a direct and proximate result of this breach the said plaintiff suffered the injuries and damages as described above.

WHEREFORE, the said plaintiff demands judgment against the defendant GGI in the full and just amount of Three Million Dollars ($3,000,000.00) plus pre and post judgment interest, costs of this suit, and any other further relief as the court may determine.

## COUNT II
### (Defendant GGI - Inherently Dangerous Condition: Non-Delegable Duty of Care)

The plaintiff readopts and realleges all statements in paragraphs 1 through 19 above and further alleges:

20.     The defendant GGI owed the said plaintiff a non-delegable duty to provide him with a safe place to work by virtue of the inherently dangerous nature of the work described above.

21.     The defendant GGI breached this duty by exposing the plaintiff to the dangerous conditions and hazards as described above.

22.     As a direct and proximate result of this breach the said plaintiff suffered the injuries and damages as described above.

WHEREFORE, the said plaintiff demands judgment against the defendant GGI in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

**COUNT III**
**(Defendant GGI - Contractual Duty of Care)**

The plaintiff readopts and realleges all statements in paragraphs 1 through 22 above and further alleges:

23.    The defendant GGI owed a plaintiff a contractual duty of care by virtue of its construction contracts with the employer of the plaintiff, the defendants, and the owner of the job site.

24.    The defendant GGI breached this duty by allowing the said plaintiff to be exposed to the hazardous conditions described above.

25.    As a direct and proximate result of this breach the said plaintiff suffered the injuries and damages as described above.

WHEREFORE, the plaintiff demands judgment against the defendant GGI in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

**COUNT IV**
**(GGI - Statutory Duty - Negligence Per Se)**

The plaintiff readopts and realleges all statements in paragraphs 1 through 25 above and further alleges:

26.    The defendant GGI owed plaintiff a statutory duty of care to provide him with a safe place to work based on Industry, Federal and District of Columbia codes, rules and regulations then and there in effect, including the D.C. Industrial Safety Act.

27.     The defendant GGI breached said duty by allowing the plaintiff to work under the dangerous conditions above described without their correction and without warning and as a result was negligent per se.

28.     As a direct and proximate result of this breach the plaintiff suffered the injuries and damages as described above.

WHEREFORE, the plaintiff demands judgment against the defendant GGI in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

## COUNT V

### (Defendant GGI - Vicarious Liability)

The plaintiff readopts and realleges all statements in paragraphs 1 through 28 above and further alleges:

29.     Defendant GGI is responsible for the acts and/or omissions of all of its agents, servants and/or employees, all individuals responsible for safety on the job site, and any other individuals that contributed to the injuries suffered by plaintiff.

30.     At all times relevant herein, Defendant GGI was the employer of persons who negligently operated equipment, and or negligently carries out their duties, and as a result caused the glass panels to strike Plaintiff, causing serious injuries and related damages.

31.     The operator of the equipment, and persons securing and unloading the glass panels, operated said equipment and took such actions with the express or implied consent of Defendant GGI, and, as such, was the agent of the former.

32.     At all times relevant hereto, Defendant GGI, was and remains responsible and liable for the negligent acts and/or omissions of its employees as alleged above.

33.     As a direct and proximate result of the negligence of Defendant GGI, by and through its agents, servants and employees, Plaintiff suffered the injuries, expenses and loss of income, and related damages as described above.

WHEREFORE, the plaintiff demands judgment against Defendant GGI in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

## COUNT VI

### (Defendant Adotta - Negligence)

The plaintiff incorporates herein by reference all the facts and allegations set forth in paragraphs 1 through 33 above and further alleges:

34.     Defendant Adotta, by and through its agents, servants and/or employees, have a duty to: provide a safe working environment, to deliver and move glass panels with reasonable care, to insure glass panels are properly secured, to properly observe Plaintiff and other activity on the construction site, to operate equipment with reasonable care, to pay full time and attention, and to avoid striking persons with glass objects.

35.     Defendant Adotta, by and through its agents, servants and/or employees, breached their duty of care by failing to: provide a safe work environment; deliver and move glass with reasonable care; insure that the glass panels were properly secured; operate equipment with

—8—

reasonable care; properly observe Plaintiff and other activity on the construction site; pay full time and attention, and avoid striking persons with glass objects, and by allowing the glass panels to strike and to injure Plaintiff.

36.    At all relevant times, the persons delivering and unloading the glass panels were employees of the Defendants, and at the time of the subject incident, was acting within the scope of his employment.

37.    The defendant Adotta, as the sub-contractor with control of the job site, had a non-delegable duty to the plaintiff to: exercise reasonable and ordinary care to ensure that the premises were inspected and maintained so as to be free from hazards of which it knew or with reasonable diligence should have known existed; insure that equipment was properly positioned; insure that the glass panels were properly secured and not in a dangerous condition; insure that the glass panels were being unloaded in a safe manner; insure that the glass panels were safely moved so as not to injure persons nearby; perform safety inspections; maintain a safety program; supply all employees working on the subject construction site with proper training and supervision; and to provide a safe place to work as provided by OSHA and local statutes and regulations, including, but not limited to the D.C. Industrial Safety Act.

38.    The defendant Adotta breached this duty by allowing the said plaintiff to be exposed to the hazardous conditions above-described.

39.    As a direct and proximate result of this breach the said plaintiff suffered the injuries and damages as described above.

WHEREFORE, the said plaintiff demands judgment against the defendant Adotta in the full and just amount of Three Million Dollars ($3,000,000.00) plus pre and post judgment interest, costs of this suit, and any other further relief as the court may determine.

## COUNT VII
### (Defendant Adotta - Inherently Dangerous Condition: Non-Delegable Duty of Care)

The plaintiff readopts and realleges all statements in paragraphs 1 through 39 above and further alleges:

40.     The defendant Adotta owed the said plaintiff a non-delegable duty to provide him with a safe place to work by virtue of the inherently dangerous nature of the work described above.

41.     The defendant Adotta breached this duty by exposing the plaintiff to the dangerous conditions and hazards as described above.

42.     As a direct and proximate result of this breach the said plaintiff suffered the injuries and damages as described above.

WHEREFORE, the said plaintiff demands judgment against the defendant Adotta in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

## COUNT VIII
### (Defendant Adotta - Contractual Duty of Care)

The plaintiff readopts and realleges all statements in paragraphs 1 through 42 above and further alleges:

43.     The defendant Adotta owed a plaintiff a contractual duty of care by virtue of its construction contracts with the employer of the plaintiff, the defendants, and the owner of the job site.

44.     The defendant Adotta breached this duty by allowing the said plaintiff to be exposed to the hazardous conditions described above.

45.     As a direct and proximate result of this breach the said plaintiff suffered the injuries and damages as described above.

WHEREFORE, the plaintiff demands judgment against the defendant Adotta in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.


## COUNT IX
### (Adotta - Statutory Duty - Negligence Per Se)

The plaintiff readopts and realleges all statements in paragraphs 1 through 45 above and further alleges:

46.     The defendant Adotta owed plaintiff a statutory duty of care to provide him with a safe place to work based on Industry, Federal and District of Columbia codes, rules and regulations then and there in effect, including the D.C. Industrial Safety Act.

47.     The defendant Adotta breached said duty by allowing the plaintiff to work under the dangerous conditions above described without their correction and without warning and as a result was negligent per se.

48.     As a direct and proximate result of this breach the plaintiff suffered the injuries and damages as described above.

WHEREFORE, the plaintiff demands judgment against the defendant Adotta in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

## COUNT X
### (Defendant Adotta - Vicarious Liability)

The plaintiff readopts and realleges all statements in paragraphs 1 through 48 above and further alleges:

49.     Defendant Adotta is responsible for the acts and/or omissions of all of its agents, servants and/or employees, all individuals responsible for safety on the job site, and any other individuals that contributed to the injuries suffered by plaintiff.

50.     At all times relevant herein, Defendant Adotta was the employer of persons who negligently operated equipment, and or negligently carries out their duties, and as a result caused the glass panels to strike Plaintiff, causing serious injuries and related damages.

51.     The operator of the equipment, and persons securing and unloading the glass panels, operated said equipment and took such actions with the express or implied consent of Defendant Adotta, and, as such, was the agent of the former.

52.     At all times relevant hereto, Defendant Adotta, was and remains responsible and liable for the negligent acts and/or omissions of its employees as alleged above.

53.    As a direct and proximate result of the negligence of Defendant Adotta, by and through its agents, servants and employees, Plaintiff suffered the injuries, expenses and loss of income, and related damages as described above.

WHEREFORE, the plaintiff demands judgment against Defendant Adotta in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

Respectfully submitted,

ASHCRAFT & GEREL, LLP
/s/ Jerry Spitz
Jerry Spitz, Esquire  #413137
1825 K Street, N. W. #700
Washington, D. C. 20006
Jspitz@ashcraftlaw.com
(202) 783-6400
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demand a jury trial by a jury of six on all counts raised herein.


Respectfully submitted,

ASHCRAFT & GEREL, LLP


 /s/ Jerry Spitz
Jerry Spitz, Esquire   #413137
1825 K Street, N. W. #700
Washington, D. C. 20006
Jspitz@ashcraftlaw.com
(202) 783-6400
Attorney for Plaintiff

–14–



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

GERMAN CRUZ GARCIA
 Vs.           C.A. No.  2022 CA 000015 B
GGI GLASS DISTRIBUTION CORP. et al

## INITIAL ORDER AND ADDENDUM

**   Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure**
**("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.

No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge DANYA A DAYSON
Date:   January 5, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

10:00 am, Friday, April 15, 2022
Location: Courtroom 415
    500 Indiana Avenue N.W.
    WASHINGTON, DC 20001

CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,   "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  D.C. Code § 16-2825  Two separate Early Mediation Forms are available.   Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60

### Civil Remote Hearing Instructions for Participants

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:** **(AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2:** **(LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** **(LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page

AUDIO ALTERNATIVE:  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the ACCESS ID # so that your audio is matched with your video.



**Option 4:** **(Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

For Technical Questions or issues Call: (202) 879-1928, Option #2

CAIO-60

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | WebEx Direct URL | WebEx Meeting ID |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| | | | |
|---|---|---|---|
| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60

Filed
D.C. Superior Court
01/06/2022 09:35PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | | | |
|---|---|---|---|
| **GERMAN CRUZ GARCIA** | * | | |
| **117 Forest Ridge Drive** | * | | |
| **Sterling, VA 20164** | * | | |
| | * | | |
| **Plaintiff,** | * | | |
| | * | | |
| **vs.** | * | **Case No.** | **2022 CA 000015 B** |
| | * | | |
| **GGI GLASS DISTRIBUTION CORP.** | * | | |
| **a/k/a GENERAL GLASS INTERNATIONAL** | * | | |
| **a/k/a GGI GLASS DISTRIBUTORS CORP.** | * | | |
| **101 Venture Way** | * | | |
| **Secaucus, N.J. 07094** | * | | |
| **Serve: DC Department of Consumer and** | * | | |
| **Regulatory Affairs** | * | | |
| **Corporations Division** | * | | |
| | * | | |
| **and** | * | | |
| | * | | |
| **EUROPROJECTS INTERNATIONAL INC.** | * | | |
| **d/b/a ADOTTA AMERICA** | * | | |
| **500 Nordhoff Pl Ste 5** | * | | |
| **Englewood, NJ, 07631** | * | | |
| **Serve: DC Department of Consumer and** | * | | |
| **Regulatory Affairs** | * | | |
| **Corporations Division** | * | | |
| | * | | |
| **Defendants.** | * | | |

## COMPLAINT FOR NEGLIGENCE
### (Construction Accident)

### JURISDICTION

1.      Jurisdiction is proper in this court based on the District of Columbia Code § 11-921 and § 13-423 et seq.

–1–

2.      Plaintiff German Cruz Garcia (hereafter "Garcia") is a resident of the Commonwealth of Virginia.

3.      The defendant, GGI Glass Distribution Corp., a/k/a General Glass International, a/k/a GGI Glass Distributors Corp. (hereafter "GGI"), is a New Jersey corporation, who does business in the District of Columbia and, at all relevant times hereto, was a sub-contractor on the subject work-site 2000 L Street, NW, Washington, D.C., where the plaintiff Garcia sustained his injuries.

4.      The defendant, Europrojects International Inc., d/b/a Adotta America (hereafter "Adotta"), is a New Jersey corporation, who does business in the District of Columbia and, at all relevant times hereto, was a sub-contractor on the subject work-site 2000 L Street, NW, Washington, D.C., where the plaintiff Garcia sustained his injuries.

5.      At all relevant times hereto, the plaintiff was a mover, employed by Move It All 24-7, LLC, who was working at the subject construction site 2000 L Street, NW, Washington, D.C.

## STATEMENT OF FACTS

6.      On or about January 15, 2019, the plaintiff was working at the aforementioned job site, performing his duties, when he was struck by glass panels that were manufactured, delivered, and unloaded by the Defendants.

7.      At the time of the subject incident, Defendants were subcontractors on the subject work site, who were contracted to manufacture, deliver and install glass on the subject worksite.

8.      At the time of the subject incident, the subject glass panels where being unloaded from Defendant GGI's truck by employees of the Defendants.

--2--

9.    At that time the glass panels were not properly secured and the truck was parked on a driveway that was not level.

10.    Through direct negligent actions of employees of the Defendants', in manufacturing, delivering and unloading the glass panels, the glass panels fell from their position on the truck and struck the plaintiff causing serious and permanent injuries and related damages.

11.    As a direct result of this incident, the plaintiff sustained serious injury to his leg, neck, arms, hands, among other injuries and conditions.

12.    The subject incident was as a result of violations of OSHA and local statutes and regulations by the defendants, as well as the D.C. Industrial Safety Act, including, but not limited to, failure to supply plaintiff with a safe place to work.

13.    As a direct and proximate result of the above occurrence, the plaintiff has suffered and will continue to suffer physical pain and mental anguish and non-economic damages, has incurred and will continue to incur substantial expenses for medical care and attention, has suffered and will continue to suffer a loss of earnings, a loss of earning capacity, and permanent disability, and sustained serious and permanent injuries.

## COUNT I
### (Defendant GGI: Negligence)

The plaintiff incorporates herein by reference all the facts and allegations set forth in paragraphs 1 through 13 above and further alleges:

14.    Defendant GGI, by and through its agents, servants and/or employees, have a duty to: provide a safe working environment, to deliver and move glass panels with reasonable care, to insure glass panels are properly secured, to properly observe Plaintiff and other activity on the

—3—

construction site, to operate equipment with reasonable care, to pay full time and attention, and to avoid striking persons with glass objects.

15.     Defendant GGI, by and through its agents, servants and/or employees, breached their duty of care by failing to: provide a safe work environment; deliver and move glass with reasonable care; insure that the glass panels were properly secured; operate equipment with reasonable care; properly observe Plaintiff and other activity on the construction site; pay full time and attention, and avoid striking persons with glass objects, and by allowing the glass panels to strike and to injure Plaintiff.

16.     At all relevant times, the persons delivering and unloading the glass panels were employees of the Defendants, and at the time of the subject incident, was acting within the scope of his employment.

17.     The defendant GGI, as the sub-contractor with control of the job site, had a non-delegable duty to the plaintiff to: exercise reasonable and ordinary care to ensure that the premises were inspected and maintained so as to be free from hazards of which it knew or with reasonable diligence should have known existed; insure that equipment was properly positioned; insure that the glass panels were properly secured and not in a dangerous condition; insure that the glass panels were being unloaded in a safe manner; insure that the glass panels were safely moved so as not to injure persons nearby; perform safety inspections; maintain a safety program; supply all employees working on the subject construction site with proper training and supervision; and to provide a safe place to work as provided by OSHA and local statutes and regulations, including, but not limited to the D.C. Industrial Safety Act.

18.     The defendant GGI breached this duty by allowing the said plaintiff to be exposed to the hazardous conditions above-described.

19.     As a direct and proximate result of this breach the said plaintiff suffered the injuries and damages as described above.

WHEREFORE, the said plaintiff demands judgment against the defendant GGI in the full and just amount of Three Million Dollars ($3,000,000.00) plus pre and post judgment interest, costs of this suit, and any other further relief as the court may determine.

## COUNT II
### (Defendant GGI - Inherently Dangerous Condition: Non-Delegable Duty of Care)

The plaintiff readopts and realleges all statements in paragraphs 1 through 19 above and further alleges:

20.     The defendant GGI owed the said plaintiff a non-delegable duty to provide him with a safe place to work by virtue of the inherently dangerous nature of the work described above.

21.     The defendant GGI breached this duty by exposing the plaintiff to the dangerous conditions and hazards as described above.

22.     As a direct and proximate result of this breach the said plaintiff suffered the injuries and damages as described above.

WHEREFORE, the said plaintiff demands judgment against the defendant GGI in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

## COUNT III
### (Defendant GGI - Contractual Duty of Care)

The plaintiff readopts and realleges all statements in paragraphs 1 through 22 above and further alleges:

23.     The defendant GGI owed a plaintiff a contractual duty of care by virtue of its construction contracts with the employer of the plaintiff, the defendants, and the owner of the job site.

24.     The defendant GGI breached this duty by allowing the said plaintiff to be exposed to the hazardous conditions described above.

25.     As a direct and proximate result of this breach the said plaintiff suffered the injuries and damages as described above.

WHEREFORE, the plaintiff demands judgment against the defendant GGI in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

## COUNT IV
### (GGI - Statutory Duty - Negligence Per Se)

The plaintiff readopts and realleges all statements in paragraphs 1 through 25 above and further alleges:

26.     The defendant GGI owed plaintiff a statutory duty of care to provide him with a safe place to work based on Industry, Federal and District of Columbia codes, rules and regulations then and there in effect, including the D.C. Industrial Safety Act.

27.     The defendant GGI breached said duty by allowing the plaintiff to work under the dangerous conditions above described without their correction and without warning and as a result was negligent per se.

28.     As a direct and proximate result of this breach the plaintiff suffered the injuries and damages as described above.

WHEREFORE, the plaintiff demands judgment against the defendant GGI in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

<u>COUNT V</u>

**(Defendant GGI - Vicarious Liability)**

The plaintiff readopts and realleges all statements in paragraphs 1 through 28 above and further alleges:

29.     Defendant GGI is responsible for the acts and/or omissions of all of its agents, servants and/or employees, all individuals responsible for safety on the job site, and any other individuals that contributed to the injuries suffered by plaintiff.

30.     At all times relevant herein, Defendant GGI was the employer of persons who negligently operated equipment, and or negligently carries out their duties, and as a result caused the glass panels to strike Plaintiff, causing serious injuries and related damages.

31.     The operator of the equipment, and persons securing and unloading the glass panels, operated said equipment and took such actions with the express or implied consent of Defendant GGI, and, as such, was the agent of the former.

32.     At all times relevant hereto, Defendant GGI, was and remains responsible and liable for the negligent acts and/or omissions of its employees as alleged above.

33.     As a direct and proximate result of the negligence of Defendant GGI, by and through its agents, servants and employees, Plaintiff suffered the injuries, expenses and loss of income, and related damages as described above.

WHEREFORE, the plaintiff demands judgment against Defendant GGI in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

## COUNT VI

### (Defendant Adotta - Negligence)

The plaintiff incorporates herein by reference all the facts and allegations set forth in paragraphs 1 through 33 above and further alleges:

34.     Defendant Adotta, by and through its agents, servants and/or employees, have a duty to: provide a safe working environment, to deliver and move glass panels with reasonable care, to insure glass panels are properly secured, to properly observe Plaintiff and other activity on the construction site, to operate equipment with reasonable care, to pay full time and attention, and to avoid striking persons with glass objects.

35.     Defendant Adotta, by and through its agents, servants and/or employees, breached their duty of care by failing to: provide a safe work environment; deliver and move glass with reasonable care; insure that the glass panels were properly secured; operate equipment with

–8–

reasonable care; properly observe Plaintiff and other activity on the construction site; pay full time and attention, and avoid striking persons with glass objects, and by allowing the glass panels to strike and to injure Plaintiff.

36.     At all relevant times, the persons delivering and unloading the glass panels were employees of the Defendants, and at the time of the subject incident, was acting within the scope of his employment.

37.     The defendant Adotta, as the sub-contractor with control of the job site, had a non-delegable duty to the plaintiff to: exercise reasonable and ordinary care to ensure that the premises were inspected and maintained so as to be free from hazards of which it knew or with reasonable diligence should have known existed; insure that equipment was properly positioned; insure that the glass panels were properly secured and not in a dangerous condition; insure that the glass panels were being unloaded in a safe manner; insure that the glass panels were safely moved so as not to injure persons nearby; perform safety inspections; maintain a safety program; supply all employees working on the subject construction site with proper training and supervision; and to provide a safe place to work as provided by OSHA and local statutes and regulations, including, but not limited to the D.C. Industrial Safety Act.

38.     The defendant Adotta breached this duty by allowing the said plaintiff to be exposed to the hazardous conditions above-described.

39.     As a direct and proximate result of this breach the said plaintiff suffered the injuries and damages as described above.

WHEREFORE, the said plaintiff demands judgment against the defendant Adotta in the full and just amount of Three Million Dollars ($3,000,000.00) plus pre and post judgment interest, costs of this suit, and any other further relief as the court may determine.

**COUNT VII**
**(Defendant Adotta - Inherently Dangerous Condition: Non-Delegable Duty of Care)**

The plaintiff readopts and realleges all statements in paragraphs 1 through 39 above and further alleges:

40.     The defendant Adotta owed the said plaintiff a non-delegable duty to provide him with a safe place to work by virtue of the inherently dangerous nature of the work described above.

41.     The defendant Adotta breached this duty by exposing the plaintiff to the dangerous conditions and hazards as described above.

42.     As a direct and proximate result of this breach the said plaintiff suffered the injuries and damages as described above.

WHEREFORE, the said plaintiff demands judgment against the defendant Adotta in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

**COUNT VIII**
**(Defendant Adotta - Contractual Duty of Care)**

The plaintiff readopts and realleges all statements in paragraphs 1 through 42 above and further alleges:

43.    The defendant Adotta owed a plaintiff a contractual duty of care by virtue of its construction contracts with the employer of the plaintiff, the defendants, and the owner of the job site.

44.    The defendant Adotta breached this duty by allowing the said plaintiff to be exposed to the hazardous conditions described above.

45.    As a direct and proximate result of this breach the said plaintiff suffered the injuries and damages as described above.

WHEREFORE, the plaintiff demands judgment against the defendant Adotta in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.


## COUNT IX
### (Adotta - Statutory Duty - Negligence Per Se)

The plaintiff readopts and realleges all statements in paragraphs 1 through 45 above and further alleges:

46.    The defendant Adotta owed plaintiff a statutory duty of care to provide him with a safe place to work based on Industry, Federal and District of Columbia codes, rules and regulations then and there in effect, including the D.C. Industrial Safety Act.

47.    The defendant Adotta breached said duty by allowing the plaintiff to work under the dangerous conditions above described without their correction and without warning and as a result was negligent per se.

48.     As a direct and proximate result of this breach the plaintiff suffered the injuries and damages as described above.

WHEREFORE, the plaintiff demands judgment against the defendant Adotta in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

**COUNT X**
**(Defendant Adotta - Vicarious Liability)**

The plaintiff readopts and realleges all statements in paragraphs 1 through 48 above and further alleges:

49.     Defendant Adotta is responsible for the acts and/or omissions of all of its agents, servants and/or employees, all individuals responsible for safety on the job site, and any other individuals that contributed to the injuries suffered by plaintiff.

50.     At all times relevant herein, Defendant Adotta was the employer of persons who negligently operated equipment, and or negligently carries out their duties, and as a result caused the glass panels to strike Plaintiff, causing serious injuries and related damages.

51.     The operator of the equipment, and persons securing and unloading the glass panels, operated said equipment and took such actions with the express or implied consent of Defendant Adotta, and, as such, was the agent of the former.

52.     At all times relevant hereto, Defendant Adotta, was and remains responsible and liable for the negligent acts and/or omissions of its employees as alleged above.

53.     As a direct and proximate result of the negligence of Defendant Adotta, by and through its agents, servants and employees, Plaintiff suffered the injuries, expenses and loss of income, and related damages as described above.

WHEREFORE, the plaintiff demands judgment against Defendant Adotta in the full and just amount of Three Million Dollars ($3,000,000.00), plus pre and post judgment interest, costs of this suit, and any further relief as the court may determine.

Respectfully submitted,

ASHCRAFT & GEREL, LLP
/s/ Jerry Spitz
Jerry Spitz, Esquire   #413137
1825 K Street, N. W. #700
Washington, D. C. 20006
Jspitz@ashcraftlaw.com
(202) 783-6400
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demand a jury trial by a jury of six on all counts raised herein.


Respectfully submitted,

ASHCRAFT & GEREL, LLP


 /s/ Jerry Spitz
Jerry Spitz, Esquire   #413137
1825 K Street, N. W. #700
Washington, D. C. 20006
Jspitz@ashcraftlaw.com
(202) 783-6400
Attorney for Plaintiff



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
CIVIL DIVISION Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

GERMAN CRUZ GARCIA
    Vs.                              C.A. No.     2022 CA 000015 B
GGI GLASS DISTRIBUTION CORP. et al

## INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.

No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge DANYA A DAYSON
Date:      January 5, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

10:00 am, Friday, April 15, 2022
Location:  Courtroom 415
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,    "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  D.C. Code § 16-2825 Two separate Early Mediation Forms are available.   Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:** **(AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2:** (LAPTOP/ DESKTOP USERS 1):

Open Web Browser in Google Chrome and copy and paste following address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** (LAPTOP/ DESKTOP USERS 2):

Open Web Browser in Google Chrome and copy and paste following address https://dccourts.webex.com Select **Join**, enter the Meeting ID from the next page

AUDIO ALTERNATIVE:  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video. 

**Option 4:** (Ipad/SMART PHONE/TABLET):

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

For Technical Questions or issues Call: (202) 879-1928, Option #2

CAIO-60

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60